UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| PAR PHARMACEUTICAL, INC., ) | |
| ) | |
| Movant, ) | |
| ) | |
| v. ) | No. 4:17MC510 RLW |
| ) | |
| EXPRESS SCRIPTS SPECIALTY ) | |
| DISTRIBUTION SERVICES, INC., ) | |
| ) | |
| Respondent. ) | |

## MEMORANDUM AND ORDER

This matter is before the Court on Petitioner Par Pharmaceutical, Inc.'s Motion to Compel Compliance with Subpoena *Duces Tecum* to Third Party Express Scripts Specialty Distribution Services, Inc. Pursuant to Fed. R. Civ. P. 45 (ECF No. 1). The motion is fully briefed and ready for disposition.

## I. Background

This case arises from a patent infringement lawsuit pending in the District Court for the District of New Jersey, *Jazz Pharmaceuticals, Inc., et al. v. Amneal Pharmaceuticals, LLC, et al.*, No. 13-391-ES-JAD ("New Jersey litigation"). According to the Movant, the New Jersey litigation pertains to Movant Par Pharmaceutical, Inc.'s ("Par") efforts to develop, market, and sell a generic version of Jazz Pharmaceuticals, Inc.'s ("Jazz") 500 mg/ml sodium oxybate oral solution, sold under the trade name Xyrem®, which is used to treat cataplexy and daytime sleepiness in narcolepsy.[1] The patents at issue in the New Jersey litigation, United States Patent

---

[1] The active ingredient in Xyrem® is the sodium salt of gamma-hydroxybutyrate ("GHB"), a drug that has been legislatively defined as a "date-rape" drug.

Nos. 8,772,306 ("'306 patent") and 9,050,302 ("'302 patent"), concern the safe administration of Xyrem® when co-administered with valproate.

The Respondent in this miscellaneous action, Express Scripts Specialty Distribution Services, Inc. ("Express Scripts"), is a specialty pharmacy provider that works to ensure the safe distribution of pharmaceutical products, including Xyrem®. Par alleges that Express Scripts is the exclusive pharmacy that fills Xyrem® prescriptions, and it maintains a database comprised of patients taking and physicians prescribing Xyrem®, as well as the prescriptions that Express Scripts has filled. In an effort to defend itself in the New Jersey litigation and show that the '306 and '302 patents are invalid based on prior art, Par seeks production of prescription records for and information regarding patients taking Xyrem® concomitantly with a form of valproate between July 17, 2002 and the present.

Express Scripts objects to the production of documents containing patients' confidential prescription records, arguing that the requested documents are irrelevant to the New Jersey litigation and production of such documents would be unduly burdensome to Express Scripts. Express Scripts asserts that the undue risk, burden, and expense to Express Scripts of producing said documents would outweigh any purported relevance.

## II. Discussion

The scope of discovery for actions filed in federal court is set forth in Federal Rule of Civil Procedure 26. That rule provides:

> Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

2

Fed. R. Civ. P. 26(b)(1). However, a court may forbid disclosure or discovery in order to protect a person "from annoyance, embarrassment, oppression, or undue burden or expense." Fed. R. Civ. P. 26(c)(1)(A).

Under Rule 45 of the Federal Rules of Civil Procedure, a court must quash or modify a subpoena that "requires disclosure of privileged or other protected matter, if no exception or waiver applies" or "subjects a person to undue burden." Fed. R. Civ. P. 45(d)(3)(A)(iii) & (iv). "'[C]oncern for the unwanted burden thrust upon non-parties is a factor entitled to special weight in evaluating the balance of competing needs.'" *Miscellaneous Docket Matter No. 1 v. Miscellaneous Docket Matter No. 2*, 197 F.3d 922, 927 (8th Cir. 1999) (quoting *Cusumano v. Microsoft Corp.*, 162 F.3d 708, 717 (1st Cir. 1998)). Where, as here, discovery is sought from a non-party, courts have wide latitude in deciding motions regarding non-party subpoenas, and courts are directed to "give special consideration in assessing whether the subpoena subjects a non-party to annoyance or an undue burden or expense." *Enter. Holdings, Inc. v. McKinnon*, No. 4:14MC00516 AGF, 2014 WL 5421224, at *1 (E.D. Mo. Oct. 23, 2014) (citation omitted).

In the instant case, Par seeks highly confidential patient information from Express Scripts. Par argues that these records are relevant to the validity of the '302 and '306 patents to show whether the methods were available to the public before the patent dates. Par further contends that Express Scripts has failed to demonstrate the requisite undue burden. In response, Express Scripts asserts that producing 15 years of confidential patient records for patients prescribed Xyrem® would require manual work and hamper Express Scripts' regular business operations because such confidential records are not available through database searches.

The Court finds that the disclosure of confidential patient prescription records is not proportional to the needs of the underlying New Jersey patent litigation. Further, compliance

with such a broad subpoena would impose undue burden and expense on a non-party to this case. Thus, the Court will deny Par's motion to compel. *See Id.* (granting a motion to quash where subpoenas requesting extensive information that would be tangential to the underlying lawsuit would be unduly burdensome).

Accordingly,

**IT IS HEREBY ORDERED** that Petitioner Par Pharmaceutical, Inc.'s Motion to Compel Compliance with Subpoena *Duces Tecum* to Third Party Express Scripts Specialty Distribution Services, Inc. Pursuant to Fed. R. Civ. P. 45 (ECF No. 1) is **DENIED.**

Dated this 2nd day of January, 2018.

*Ronnie L. White*

**RONNIE L. WHITE**
**UNITED STATES DISTRICT JUDGE**